FILED

**NOT FOR PUBLICATION**

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER MICHAEL PALMER,

Plaintiff - Appellant,

v.

COUNTY OF YAVAPAI, a political
subdivision of the State of Arizona; et al.,

Defendants - Appellees.

No. 10-17690

D.C. No. 3:10-cv-08049-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding[**]

Submitted March 6, 2012[***]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Peter Michael Palmer appeals pro se from the district court's judgment in his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1983 action alleging constitutional violations by public officials in Arizona. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to amend, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011), and the denial of a motion for disqualification, *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion in denying leave to amend the complaint on the grounds of futility and for failure to comply with the local rules. *See Cervantes*, 656 F.3d at 1043 (upholding denial of leave to amend where motion was "procedurally improper and substantively unsupported," and noting that plaintiffs had failed to comply with local rules).

The district court did not abuse its discretion in denying Palmer's motion for disqualification because all of the incidents complained about in Palmer's motion "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994).

Although Palmer's notice of appeal indicated that he was also appealing the denial of his motion for reconsideration and the entry of summary judgment,

Palmer did not brief these issues on appeal and they are accordingly deemed waived. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

**AFFIRMED.**